**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WINSTON VALENTINE WALTERS, | No. 11-72772 |
| Petitioner, | Agency No. A095-748-920 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Winston Valentine Walters, a native and citizen of Jamaica, petitions pro se

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's ("IJ") removal order.  Our jurisdiction is governed by 8

U.S.C. § 1252.  We review for substantial evidence the agency's determination that

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

petitioner knowingly engaged in drug trafficking, *Gomez-Granillo v. Holder*, 654 F.3d 826, 836 (9th Cir. 2011), and review de novo constitutional claims, *Gutierrez v. Holder*, 662 F.3d 1083, 1086 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Walters is inadmissible under 8 U.S.C. § 1182(a)(2)(C)(i) as an illicit trafficker in a controlled substance, where an Immigration Customs Enforcement agent and a narcotics detective independently confirmed that Walters admitted to expecting a package with a large sum of money that he planned to use to purchase marijuana, and the package was addressed to Walters and contained $69,800. Contrary to Walters' assertion, 8 U.S.C. § 1182(a)(2)(C)(i) does not require a criminal conviction to establish inadmissibility. *See Lopez-Molina v. Ashcroft*, 368 F.3d 1206, 1209-10 (9th Cir. 2004). Accordingly, the agency properly denied his adjustment of status application. *See* 8 U.S.C. § 1255(a)(2) (alien seeking adjustment of status must be admissible at the time of application).

Walters' contention that the IJ violated due process by not giving him an opportunity to present witnesses to challenge his signature on the consent to search form is not supported by the record, and the proceedings were not "so fundamentally unfair that [he] was prevented from reasonably presenting his case."

*Gutierrez*, 662 F.3d at 1091 (internal quotation marks and citation omitted).

We lack jurisdiction to consider Walters' claim that the IJ should have granted him a continuance because he failed to raise that claim before the BIA and thereby failed to exhaust his administrative remedies. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Walters' remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**